# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JAMES URBAN,<br><br>    Plaintiff,<br><br>vs.<br><br>DARIN RAYMOND, CHAD MORROW, STEVEN BRIEBEL, JEFFREY NEARY and BILLY OYADARE,<br><br>    Defendants. | No. C13-4050-DEO<br><br>**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

_____

Plaintiff James Urban seeks to commence a new civil action. He has filed a proposed new complaint and jury demand, accompanied by an application to proceed without prepayment of fees. His proposed complaint names five defendants and generally charges that his constitutional rights were violated in the course of a state court conviction based on allegedly-unlawful trapping activities. He contends that his conviction is unjust because his conduct did not violate Iowa law. His proposed defendants include a judge of the Iowa District Court, Urban's attorney and others who were allegedly involved in the state court action. He contends that all of the defendants are liable to him for damages pursuant to 42 U.S.C. § 1983.

This is not Urban's first federal lawsuit based on his trapping activities. On August 1, 2011, he filed case number 11-4068 against the Iowa Department of Natural Resources and two individuals (including Chad Morrow, one of the current, proposed defendants). He stated that he was suing the defendants for "misusing Iowa laws" concerning the possession of fur from a fur-bearing animal without a license. Judge Zoss dismissed that case on December 19, 2011, finding that Urban failed to establish federal subject matter jurisdiction and that, in any event, the complaint failed to state a cognizable claim.

On December 14, 2011, while case number 11-4068 was still pending, Urban filed case number 11-4107. In that case he sued the Iowa Department of Natural Resources and six individuals, including four of the five proposed defendants in this case. He again alleged that the defendants were "misusing Iowa laws" in connection with Urban's trapping activities. Among other things, he stated that "a [sic] accidental catch is a [sic] accidental catch." On November 27, 2012, Judge O'Brien adopted a Report and Recommendation from Judge Zoss to dismiss the case. The dismissal was based on both (a) Urban's improper attempt to re-litigate issues decided against him in case number 11-4068 and (b) the absolute prosecutorial immunity that applied to two of the defendants, including Darin Raymond.

On August 1, 2012, while case number 11-4107 was pending, Urban filed case number 12-4075, naming eight individual defendants (including two of the current proposed defendants and four of the defendants from case number 11-4107). Among the defendants were judges of the Iowa District Court and Iowa Court of Appeals. Urban again alleged that his constitutional rights were violated as a result of his conviction for trapping-related activities. After filing that lawsuit, Urban both (a) moved for leave to file an amended complaint and (b) sought leave to proceed *in forma pauperis* with regard to yet another lawsuit based on the same allegations set forth in his proposed amended complaint. I granted Urban's motion to amend but denied his attempt to file a new lawsuit *in forma pauperis*. I cautioned Urban that if he tries to "file another separate action in this court arising from the same alleged facts at issue in [case number 12-4075], he will face monetary sanctions."

Defendants' motion to dismiss case number 12-4075 is pending. Urban now seeks to file another lawsuit and again asks that he be allowed to proceed *in forma pauperis*. As noted above, the proposed new lawsuit again includes allegations that the defendants have misapplied Iowa's fur-trapping laws against Urban. He again employs the phrase: "A [sic]

2

Case 5:13-cv-04050-DEO   Document 2   Filed 05/30/13   Page 2 of 4

accidental catch is an accidental catch." Four of the five named defendants have been named in at least one of Urban's prior lawsuits.

It is not clear from Urban's proposed complaint if he is suing based on new events or the same events that caused him to file the other lawsuits. For example, his factual allegations refer to the dates of certain events without stating the year. Based on the limited information Urban has provided, it is not clear whether he is in violation of my prior order cautioning him not to file another separate action in this court based on the same facts alleged in case number 12-4075.

Moreover, Urban's proposed new complaint violates the basic requirements of federal court pleading. It does not contain separate numbered paragraphs, as required by Federal Rule of Civil Procedure 10. It also contains a series of legal arguments and quotations from various cases and legal sources, as if Urban were attempting to file a brief in support of a motion. The complaint must allege facts sufficient to support the court's jurisdiction and facts that, if true, would state a claim that is plausible on its face. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As currently structured, Urban's proposed new complaint is a rambling mix of factual allegations, statements of Urban's beliefs and quotations from various sources.

A federal court may deny an application to proceed *in forma pauperis* based on the plaintiff's history of filing frivolous or repetitive lawsuits. *See, e.g., In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam); *Cochran v. Morris,* 73 F.3d 1310, 1316 (4th Cir. 1996). Here, I find that Urban has filed frivolous and repetitive lawsuits in this court.[1] As such, his application to file a new lawsuit without prepayment of fees is **denied**. Urban may not, free of charge, file new "trapping" lawsuits in this court.

---

[1] This finding is based both on the history discussed above and Urban's filing of frivolous motions in the course of his prior lawsuits. *See, e.g,* Doc. Nos. 4, 7, 17, 24, 27 and 28 in case number 12-4075.

Urban may proceed with this new action upon payment of the required filing fee. As explained above, however, his current proposed complaint is deficient in many ways. Thus, even if he pays the filing fee this case is likely to be dismissed quickly unless he revises his complaint to comply with the rules that apply to pleadings in federal court.

**IT IS SO ORDERED.**

**DATED** this 30th day of May, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE